**Arben DURAKOVIC, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71086.

Agency No. A78–079–037.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 12, 2005.

Arben Durakovic, Diamond Bar, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, John M. McAdams, Jr., Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Arben Durakovic, an ethnic Albanian Muslim from Montenegro, petitions pro se for review of the decision of the Board of Immigration Appeals affirming without opinion the immigration judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the IJ's determination that the Yugoslavian army's single unsuccessful attempt to recruit Durakovic for military service did not constitute past persecution. *See, e.g., Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (holding that threats did not compel finding of past persecution where "[n]either [the applicant] nor his family was ever touched, robbed, imprisoned, forcibly recruited, detained, interrogated, trespassed upon, or even closely confronted"). Substantial evidence also supports the IJ's

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

determination that Durakovic's fear of future harm is not objectively well-founded. *See, e.g., Acewicz v. INS,* 984 F.2d 1056, 1060—61 (9th Cir.1993) (finding no well-founded fear given changed political conditions in country of origin).

In failing to qualify for asylum, Durakovic necessarily failed to satisfy the more stringent standard for withholding of removal. *See Gonzalez–Hernandez,* 336 F.3d at 1001 n. 5. Because Durakovic presented no evidence that it is more likely than not that he would be tortured upon return to Montenegro, the IJ properly rejected his claim under the Convention Against Torture. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.